# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID S. ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-20-158-R |
| | ) |
| KOHLS DEPARTMENT STORES, | ) |
| INC, FIRST PREMIER BANK, ETAL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc No. 11) filed by Defendant First Premier Bank. Plaintiff did not respond in opposition to the motion.[1] The Court has considered the merits of the motion and for the reasons set forth herein, the motion is granted.

Plaintiff filed this action in the District Court of Oklahoma County and included four Defendants in the caption, including Defendant First Premier Bank. The allegations in the Petition do not specifically identify any Defendant other than Kohl's Department Stores, Inc. Rather, under "Statement of Facts Supporting the Claim" Mr. Eldridge alleges, "The Defendants have published false information about Plaintiff. Such libel and slander caused Plaintiff to be turned down for a loan." Doc.No. 1-2, ¶ 5. His allegations under the heading "Damages" include, "Defendants also has engaged in unfair and deceptive

---

[1] "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (alteration in original) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

practices, which actions violate the Oklahoma Consumer Protection Act,15 O.S. 751 et sequins." *Id.* ¶ 7.

Defendant First Premier Bank seeks dismissal on various grounds, including res judicata and collateral estoppel, that his claims fail as a matter of law, and that his pleading fails to state a claim. Defendant notes that this is not Mr. Eldridge's first action against First Premier Bank, the Court having previously dismissed an action against First Premier on March 13, 2019. *Eldridge v. Equifax*, CIV-19-115-R (Mar. 13, 2019)(Doc.No. 57). Specifically, the Court held that his allegations failed to state a claim for violation of the Oklahoma Consumer Protection Act or the Fair Credit Reporting Act. *Id.*

Defendant first argues that the dismissal on March 13, 2019 precludes Plaintiff from proceeding with the claims asserted herein, because any claims herein could have been raised in that action.

The doctrine of res judicata precludes a party from re-litigating issues that were or could have been raised in an earlier action. The party invoking the doctrine has the burden of showing its preclusive effect; specifically Defendant First Premier must show: (i) that the court entered a judgment on the merits of the claim in question in a prior suit; (ii) that the parties in both the prior and current suits are identical or in privity; (iii) that the cause of action was identical in both suits; and (iv) that the party to be bound, that is Mr. Eldridge, had a full and fair opportunity to litigate his claims. *Phan v. Hipple*, 735 F. App'x 492, 494 (10th Cir. 2018), *citing City of Eudora v. Rural Water District*, 875 F.3d 1030, 1034-35 (10th Cir. 2017); *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).The undersigned previously dismissed Plaintiff's claims against First Premier Bank,

finding he had failed to state a claim. The petition in this case is more bareboned than the petition in Plaintiff's prior action; however, in both he sought relief under the Fair Credit Reporting Act and the Oklahoma Consumer Protection Act, and the Court assumes the claims pursued here are either identical to his prior claims or that any new claims Plaintiff intended to pursue against First Premier could have been pursued in the earlier action.

Although the Court's prior dismissal indicated it was without prejudice, Plaintiff did not seek leave to amend his petition to rectify the deficiencies in his pleading.

> The general rule is that "a Rule 12(b)(6) dismissal is still an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of the complaint." *Slocum v. Corporate Express U.S., Inc.*, 446 Fed.Appx. 957, 960 (10th Cir. 2011). Thus, such dismissals are typically granted res judicata effect. *Id.*

*Sullivan v. DaVita Healthcare Partners, Inc*., No. 18-CV-01589-MSK-NYW, 2018 WL 4635965, at *3 (D. Colo. Sept. 27, 2018), *aff'd,* 780 F. App'x 612 (10th Cir. 2019). Plaintiffs' failure to take any subsequent action to resuscitate the claims in his 2019 case results in dismissal with prejudice subject to the doctrine of res judicata effect. *Id*.

Furthermore, even if Plaintiff's claims were not barred, the Petition herein simply lacks sufficient factual allegations to state a claim against Defendant First Premier Bank. "To survive a motion to dismiss [under Rule 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

Additionally, where, as here, Plaintiff includes a number of defendants in an action but fails to include specific factual allegations directed toward each particular defendant, the pleading does not state a claim. "To provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant.'" *Gray v. University of Colorado Hosp. Auth.*, 672 F.3d 909, 921 n 9 (10th Cir. 2012). As set forth above, Plaintiff fails to identify any facts against Defendant First Premier from which the Court could discern that it violated either the Fair Credit Reporting Act or the Oklahoma Consumer Protection Act.

For the reasons set forth herein, the Motion to Dismiss (Doc.No.11) is GRANTED. The action against First Premier is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 30th day of March 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE