# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID S. ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-20-158-R |
| | ) |
| KOHLS DEPARTMENT STORES, | ) |
| INC, FIRST PREMIER BANK, ETAL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc No. 24) filed by Defendant Kohl's Department Stores ("Kohl's"). Plaintiff did not respond in opposition to the motion.[1] The Court has considered the merits of the motion and for the reasons set forth herein, the motion is granted.

Plaintiff filed this action in the District Court of Oklahoma County and included four Defendants in the caption, including Defendant Kohl's. The allegations in the Petition do not specifically identify any Defendant other than Kohl's Department Stores, Inc,; however, with regard to all Defendants the only "Statement of Facts Supporting the Claim" merely alleges, "The Defendants have published false information about Plaintiff. Such libel and slander caused Plaintiff to be turned down for a loan." Doc.No. 1-2, ¶ 5. His allegations under the heading "Damages" include, "Defendants also has engaged in unfair

---

[1] "[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (alteration in original) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

and deceptive practices, which actions violate the Oklahoma Consumer Protection Act,15 O.S. 751 et sequins." *Id.* ¶ 7.

Defendant Kohl's seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations...and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath or conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements

necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

The Court set forth above the substance of Plaintiff's allegations. The Petition herein simply lacks sufficient factual allegations to state a claim against Defendant Kohl's. Additionally, because Plaintiff seeks relief from more than one Defendant in this action, it was necessary for him to include specific factual allegations directed toward each particular defendant. "To provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant.'" *Gray v. University of Colorado Hosp. Auth.*, 672 F.3d 909, 921 n 9 (10th Cir. 2012)(citation omitted). As set forth above, Plaintiff fails to identify any facts against Defendant Kohl's that violated either the Fair Credit Reporting Act or the Oklahoma Consumer Protection Act.

For the reasons set forth herein, the Motion to Dismiss (Doc.No.24) is GRANTED. The action against Defendant Kohl's is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED** this 10th day of April 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE